**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>         Plaintiff, )<br>vs. )<br>DANNY DARNELL JONES, )<br>         Defendant. ) | Case No.  2:04-cr-00498-PMP-GWF<br>**ORDER, FINDINGS &**<br>**RECOMMENDATIONS** |

This matter is before the Court on Defendant's Motion to Dismiss Indictment Pursuant to Federal Rule of Civil Procedure 12(b) (#120), filed on December 28, 2006; Defendant's Emergency Motion For Oral Hearing To Apply Speedy Trial Statutory Criteria To Defendant's February 2, 2005 Arrest On His Federal Indictment (#121), filed on December 28, 2006 and filed again on December 29, 2006 (#122)[1]; and the Government's Opposition to Defendant's "Emergency Motion For Oral Hearing To Apply Speedy Trial Statutory Criteria To Defendant's February 2, 2005 Arrest On His Federal Indictment" and "Motion to Dismiss Indictment Pursuant to Federal Rule of Civil Procedure 12(b)" (#123), filed on January 4, 2007.

### DISCUSSION AND FINDINGS

The deadline for filing pre-trial motions in this case expired on July 31, 2006.  Pursuant to an order permitting Defendant to represent himself with the assistance of standby counsel, and the disagreement between Defendant and his prior defense counsel regarding the filing of pre-trial motions,

---

[1] The two motions are identical.

1  Defendant was granted leave to file a Motion to Dismiss the indictment in this case based on violation of
2  his rights under the Speedy Trial Act, the Interstate Agreement on Detainers Act and Defendant's right
3  to speedy trial under the Sixth Amendment.  Defendant filed his Motion to Dismiss (#46) on August 14,
4  2006.  The Court conducted a hearing on Defendant's Motion (#46) on September 13, 2006 and issued
5  its Report and Recommendations (#66) on September 21, 2006 recommending that Defendant's motion
6  be denied.  The District Judge affirmed the Magistrate Judge's Findings and Recommendation on
7  October 23, 2006.  *See Order* (#84).  Defendant thereafter filed a Motion to Reconsider the District
8  Judge Order (#99) on November 14, 2006 in which he again sought to argue that his rights under the
9  Speedy Trial Act and Interstate Agreement on Detainers Act were violated.  The District Judge denied
10 Defendant's Motion to Reconsider on December 22, 2006.  *See Minutes of Proceedings* (#115).

11         Defendant's Emergency Motion For Oral Hearing To Apply Speedy Trial Statutory Criteria To
12 Defendant's February 2, 2005 Arrest On His Federal Indictment (#121 and #122) is simply a further
13 attempt to bring before the Court his arguments that the Speedy Trial Act has been violated.  The Court
14 has already ruled on this motion in Order (#84) which affirmed the Magistrate Judge's Findings and
15 Recommendations (#66) and in denying Plaintiff's Motion to Reconsider (#99).  *See Minutes of*
16 *Proceedings* (#115).  Defendant's instant Emergency Motion (#121 and #122) is, therefore, both
17 untimely, and has already been decided in the Court's previous orders.

18         Defendant's Motion to Dismiss Indictment Pursuant to Federal Rule of Civil Procedure 12(b)
19 (#120), likewise, is another attempt to litigate his speedy trial right claims, this time in the guise of a
20 motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b).  This motion is, again, untimely,
21 the subject matter of the motion, i.e., violation of the Speedy Trial Act, has already been decided; and
22 finally, Federal Rule of Civil Procedure 12(b) does not apply in a criminal case.
23         Accordingly,
24         **IT IS HEREBY ORDERED** that Defendant's Emergency Motion For Oral Hearing To Apply
25 Speedy Trial Statutory Criteria To Defendant's February 2, 2005 Arrest On His Federal Indictment
26 (#121 and #122) is **denied** on the grounds that the motion is untimely and the subject matter has already
27 been ruled on by the Court.
28 . . .

**IT FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment Pursuant to Federal Rule of Civil Procedure 12(b) (#120) is denied on the grounds that it is untimely and that the subject of the motion has already been decided by the Court.

**IT IS FURTHER RECOMMENDED** that in the event the Court determines that Defendant's Motion to Dismiss Indictment Pursuant to Federal Rule of Civil Procedure 12(b) (#120) is not untimely or not the subject of prior orders, that it be **denied** on the grounds that Federal Rule of Civil Procedure 12(b) is inapplicable in criminal cases.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of January, 2007.

*George Foley Jr.*
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE